# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC., and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> H & R BLOCK, INC., <br><br> Defendant. | Civil Action No. 2:17-cv-00468 <br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), allege as follows against defendant, H & R Block, Inc. ("HRB"):

## THE PARTIES

1.  Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.  Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.  Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.  Upon information and belief, HRB is a Missouri corporation having a principal place of business in Kansas City, Missouri and offers its products and services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  According to its website (www.hrblock.com), HRB

maintains regular and established places of business in Marshall, Plano, and Tyler, Texas. HRB may be served with process through its registered agent for service: CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). HRB has regular and established places of business within this judicial district, is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district.

6. HRB is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business, *inter alia,* in Marshall, Plano and Tyler, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK that issued on November 27, 2001. A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. HRB maintains a network of high-security, access-controlled data centers that host, *inter alia*, a platform through which it offers and provides products and services such as the Free, Deluxe and Premium versions of Online Tax Filing ("HRB platform" or "platform").

11. A HRB customer launches the Online Tax Filing application downloaded from HRB by creating an account and logging in:



12. When an Online Tax Filing account has successfully been opened with HRB, the user is authorized to proceed with the application.

13. When a user logs in to HRB via the Sign In launcher, the user interface provides a plurality of options to select from, such as preparing Federal or State returns.

14. Once granted access to the HRB platform, a user is presented with a plurality of user-configurable preferences, such as account settings, update password and update security questions.

15. The HRB platform provides a plurality of administrator-configurable preferences such as password requirements, privacy provisions and the length of time data is stored.

16. HRB stores user information provided via the HRB platform to perform operations requested by customers, such as calculating tax payments and refunds.

17. A user may request information from HRB, such as prior taxes paid, and HRB will respond to such a request by providing the user's prior tax information.

18. HRB has directly infringed, and continues to directly infringe one or more claims of the '578 Patent, including at least claims 1, 6, 9-11, 15-23, 25-24, 27-29, 31-36, 38, 40-41 and 44 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HRB platform in the United States during the pendency of the '578 Patent which software and associated architecture *inter alia* allows for installing an application program having a plurality of configurable preferences and authorized users on a server coupled to a network, distributing an application launcher program to a client, obtaining a user set of the configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

19. In addition, should the HRB platform be found to not literally infringe the asserted claims of the '578 Patent, the product would nevertheless infringe the asserted claims of the '578 Patent. More specifically, the platform performs substantially the same function (obtaining user and administrator sets of configurable preferences and user information), in substantially the same way (via a user and administrator), to yield substantially the same result (executing an application program using the configurable preferences in response to a request from a user on a network). HRB would thus be liable for direct infringement under the doctrine of equivalents.

20. HRB has indirectly infringed and continues to indirectly infringe at least claims 1, 6, 9-11, 15-23, 25-24, 27-29, 31-36, 38, 40-41 and 44 of the '578 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the HRB platform.  HRB's customers who use the platform in accordance with HRB's instructions directly infringe one or more of the foregoing claims of the '578 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, HRB directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the accused platform, such as those located at the following:

- www.hrb.com
- 1 (800) 472-5625
- www.youtube.com, including:
- www.youtube.com/watch?v=bRwhz4rRuAM
- www.youtube.com/watch?v=mSnl1P10RKA
- www.youtube.com/watch?v=9tjMuK39hvQ
- www.youtube.com/watch?v=r3ZV8PDwb5I

HRB is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

21. HRB will have been on notice of the '578 Patent since, at the latest, the service of this complaint.  By the time of trial, HRB will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of one or more of claims 1, 6, 9-11, 15-23, 25-24, 27-29, 31-36, 38, 40-41 and 44 of the '578 Patent.

22. HRB may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HRB platform.  Uniloc reserves the right to discover and pursue all such additional infringing software.

23.     Uniloc has been damaged by HRB's infringement of the '578 Patent.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

24.     Uniloc incorporates paragraphs 1-6 above by reference.

25.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006.  A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

26.     Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

27.     HRB has directly infringed, and continues to directly infringe one or more claims of the '293 Patent, including at least claims 1, 12 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HRB platform in the United States during the pendency of the '293 Patent which software and associated architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and distributing the file packet to the target on-demand server to make the program available for use by a client user.

28.     In addition, should the HRB platform be found to not literally infringe the asserted claims of the '293 Patent, the product would nevertheless infringe the asserted claims of the '293 Patent.  More specifically, the accused platform performs substantially the same function

6

(distributing an application program to a target on-demand server on a network), in substantially the same way (via initiation of registration operations for the application program at the target on-demand server), to yield substantially the same result (making the application program available for use by a user at a client). HRB would thus be liable for direct infringement under the doctrine of equivalents.

29. HRB has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the HRB platform. HRB's customers who use the platform in accordance with HRB's instructions directly infringe one or more of the foregoing claims of the '293 Patent in violation of 35 U.S.C. § 271. As set forth *inter alia* above, HRB directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the accused platform, such as those located at the following:

- www.hrb.com
- 1 (800) 472-5625
- www.youtube.com, including:
- www.youtube.com/watch?v=bRwhz4rRuAM
- www.youtube.com/watch?v=mSnl1P10RKA
- www.youtube.com/watch?v=9tjMuK39hvQ
- www.youtube.com/watch?v=r3ZV8PDwb5I

HRB is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

30. HRB will have been on notice of the '293 Patent since, at the latest, the service of this complaint. By the time of trial, HRB will have known and intended (since receiving such

notice) that its continued actions would actively induce the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

31.     HRB may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HRB platform.  Uniloc reserves the right to discover and pursue all such additional infringing software.

32.     Uniloc has been damaged by HRB's infringement of the '293 Patent.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

33.     Uniloc incorporates paragraphs 1-6 above by reference.

34.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A NETWORK that issued on January 21, 2003.  A true and correct copy of the '466 Patent is attached as Exhibit C hereto.

35.     Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

36.     HRB has directly infringed, and continues to directly infringe one or more claims of the '466 Patent, including at least claims 15-20, 22-23, 30-33 and 35-36, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HRB platform in the United States during the pendency of the '466 Patent which software and associated architecture *inter alia* allows for installing application programs on a server, receiving a login request, establishing a user desktop interface, receiving a selection of one of the programs

displayed in the user desktop interface and providing an instance of the selected program for execution.

37. In addition, should the HRB platform be found to not literally infringe the asserted claims of the '466 Patent, the product would nevertheless infringe the asserted claims of the '466 Patent. More specifically, the accused platform performs substantially the same function (selection of an application program), in substantially the same way (via an established user desktop interface), to yield substantially the same result (providing the program for execution). HRB would thus be liable for direct infringement under the doctrine of equivalents.

38. HRB has indirectly infringed and continues to indirectly infringe at least claims 15-20, 22-23, 30-33 and 35-36 of the '466 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the HRB platform. HRB's customers who use the accused platform in accordance with HRB's instructions directly infringe one or more of the foregoing claims of the '466 Patent in violation of 35 U.S.C. § 271. As set forth *inter alia* above, HRB directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the accused platform, such as those located at the following:

- www.hrb.com
- 1 (800) 472-5625
- www.youtube.com, including:
- www.youtube.com/watch?v=bRwhz4rRuAM
- www.youtube.com/watch?v=mSnl1P10RKA
- www.youtube.com/watch?v=9tjMuK39hvQ
- www.youtube.com/watch?v=r3ZV8PDwb5I

HRB is thereby liable for infringement of the '466 Patent under 35 U.S.C. § 271(b).

39. HRB will have been on notice of the '466 Patent since, at the latest, the service of this complaint. By the time of trial, HRB will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of one or more of claims 15-20, 22-23, 30-33 and 35-36 of the '466 Patent.

40. HRB may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HRB platform. Uniloc reserves the right to discover and pursue all such additional infringing software.

41. Uniloc has been damaged by HRB's infringement of the '466 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against HRB as follows:

(A) finding that HRB has infringed the '578 Patent, the '293 Patent and the '466 Patent;

(B) awarding Uniloc its damages suffered as a result of HRB's infringement of the '578 Patent, the '293 Patent and the '466 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses and interest; and

(D) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: June 2, 2017                                   Respectfully submitted,

*/s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean G. Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**